Younglove *et al. v.* Frank.

*J. H. Brown*, for appellant.

*J. McCabe*, for appellee.

--------o--------

## YOUNGLOVE ET AL. *v.* FRANK.

PARTITION.—*Answer of Division Between Heirs.*—Suit by F. against Y. and wife for partition. Answer, by the wife, that the land in complaint mentioned, with other lands adjoining them, descended to the defendant and her brother R., from their father; that said brother and herself held all the lands as tenants in common, until during 1864, when, by agreement, part were sold, and the greater portion of the proceeds taken by R.; that on the 27th of February, 1868, she being, with said R., in possession of the lands, conveyed a portion to R., which was his full share, taking into account the money received by R. on sales of the other portions of the lands; that when the conveyance was made, she had no notice of the deed made by R. to the plaintiff, which was executed October 30th, 1865, and not recorded until March 28th, 1868; wherefore neither R. nor the plaintiff have any title to the land. *Held*, that the answer was not sufficient.

APPEAL from the Hendricks Common Pleas.

PETTIT, J.—This suit was brought by James Frank, the appellee, against John E. Younglove and Virginia Younglove, his wife, and John F. Kimbly and Sarah Kimbly, his wife, for partition of real estate; and the complaint shows that Frank, the appellee, and Virginia and Sarah were tenants in common of certain lands described, and that each was entitled to one-third thereof, and prays for partition, etc. Virginia and Sarah answered separately, but their answers are duplicates of each other, and might properly have been joint, and we shall consider them as one. We need set out but one paragraph of Virginia's answer, for it is admitted by appellants' counsel, in his brief, that if the ruling of the court on the third paragraph of her answer was correct, then there is no error in the subsequent part of the record, and that the judgment and decree must be affirmed. The third paragraph is as follows:

" 3. And said defendant, Virginia E. Younglove, for further and separate answer to the complaint, says that said plaintiff ought not to have and maintain his action for partition, because she says that the land in complaint mentioned, together with other lands adjoining them, were lands descended to this defendant and her sister and co-defendant, Sarah Kimbly, and one John W. Ray, their brother, from their father, James B. Ray, deceased; that said parties held said lands as tenants in common until during the year 1864, when, by consent of all three of said parties, a portion of the lands so held by them were sold and conveyed, and in 1865 and 1866 the greater portion of the proceeds were, by consent, received by said John W. Ray; that afterward, on the 27th day of February, 1868, and before she had any notice of the pretended deed by which the plaintiff claims title to any part of said lands, which deed was executed on the 30th day of October, 1865, and not recorded until March 28th, 1868, said defendants and said John W. Ray being all the time in possession of said lands, this defendant and her sister, together with their husbands, conveyed to said John W.

Ray a portion of the lands of which they were joint owners, which were then supposed to be his full and equal share of all said lands, after taking into the account the amount of money received by said John W. Ray as the proceeds of the lands sold prior to that time; that the tract so conveyed was the full share of said John W. Ray in and to all of said lands. Wherefore she says that the lands described in said complaint are the lands of herself and her sister, Sarah Kimbly, and that neither said plaintiff nor said John W. Ray has any . title or interest therein. Wherefore she demands that said petition be dismissed, and that the pretended deed of said plaintiff from John W. Ray be declared void as to this defendant; and she asks for general relief."

To this paragraph of the answer there was a demurrer for want of sufficient facts, which was sustained. Was this ruling warranted by law? We hold that it was. It admits that a deed was made by John W. Ray for one-third of the lands, placing the appellee in the same legal condition as said Ray occupied in relation to said lands, charging neither fraud, accident, nor mistake, nor that said Virginia was a subsequent purchaser from John W. Ray after his deed was made to Frank, and before it (Frank's deed) was recorded, nor does it allege that Virginia had been, or would be, injured by the facts therein stated. We hold that the answer was totally insufficient.

The judgment is affirmed, at the costs of the appellants.

*L. M. Campbell,* for appellants.

*J. T. Dye* and *A. C. Harris,* for appellee.